**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 23-cr-375 (LMP/DTS) |
| Plaintiff, | |
| v. | **ORDER ADOPTING** |
| | **REPORT AND** |
| ADITYA RAJ SHARMA, | **RECOMMENDATION** |
| Defendant. | |

Rebecca Kline, **United States Attorney's Office, Minneapolis, MN**, for Plaintiff.

Ryan Pacyga and Marie Pacyga, **Pacyga Trial Lawyers, St. Paul, MN**, for Defendant.

Defendant Aditya Raj Sharma was indicted on three counts of wire fraud in violation of 18 U.S.C. § 1343 and two counts of bank fraud in violation of 18 U.S.C. § 1344. *See* ECF Nos. 1, 106. Sharma moved to dismiss the indictment based on vindictive prosecution and pre-indictment delay. ECF No. 25. On June 1, 2026, United States Magistrate Judge David T. Schultz issued a Report and Recommendation ("R&R") recommending denial of the motion. ECF No. 113. Sharma's counsel filed timely objections to the R&R, and Sharma separately submitted his own pro se objections. ECF Nos. 117, 119. Consequently, the Court reviews de novo the portions of the R&R to which Sharma objects and reviews for clear error the portions of the R&R to which Sharma does not object. *See* Fed. R. Crim. P. 59(b)(3); *United States v. Newton*, 259 F.3d 964, 966 (8th Cir. 1996) (per curiam). For

the following reasons, Sharma's objections are overruled, the R&R is adopted, and Sharma's motion to dismiss is denied.[1]

## BACKGROUND

Sharma is the founder of four technology companies: Crosscode, Kloudgaze, Neoforma, and Mokume. *United States v. Sharma*, No. 20-cr-261 (DSD/TNL) ("*Sharma I*"), ECF No. 51 at 2–3 (D. Minn. filed July 28, 2021). In 2020, the United States began investigating Sharma for fraud in connection with Crosscode. ECF No. 113 at 1; ECF No. 28 at 1–2. During its investigation, the United States learned that from April 2020 through August 2020, Sharma applied for sixteen Paycheck Protection Program ("PPP") loans: two for Crosscode, seven for Kloudgaze, four for Neoforma, and three for Mokume. *Sharma I*, ECF No. 51 at 5–7. Three of those applications were approved, and Sharma received $1,773,600 in PPP funds. *Id.* at 6.

The United States indicted Sharma on November 10, 2020, charging him with one count of wire fraud in connection with the PPP loan applications. *Sharma I*, ECF No. 1. Both the United States and Sharma agree that by November 2020, federal law enforcement were aware of additional potential fraud allegedly perpetrated by Sharma at Crosscode. ECF No. 25 at 5–6; ECF No. 28 at 1–4. And during plea negotiations in *Sharma I*, the United States offered a global resolution to fraud arising from the PPP loans and Crosscode.

---

[1] Sharma also moved to dismiss Count 1 of the indictment as barred by the statute of limitations. ECF No. 24. The United States later moved to dismiss Count 1 of the indictment, ECF No. 104, which the Court granted, ECF No. 106. The R&R recommends denying as moot Sharma's motion to dismiss Count 1 of the indictment, ECF No. 113 at 8, a conclusion to which no party objects. Accordingly, the Court will deny as moot Sharma's motion to dismiss Count 1 of the indictment.

*See* ECF No. 28 at 2–3; Gov't Ex. 2.[2]  The proposed plea agreement contemplated opening a new criminal case under which Sharma would plead guilty to securities violations for "raising capital under false and fraudulent pretenses in order to avoid or delay financial hardship for Crosscode."  Gov't Ex. 2 at 3–7.  Sharma ultimately declined to plead guilty to the alleged fraud at Crosscode but eventually pleaded guilty to the one count of wire fraud in connection with the PPP loan applications.  ECF No. 28 at 2–3; *see Sharma I*, ECF No. 51.  The plea agreement states that it "d[id] not resolve any other matter for which [Sharma] might be under investigation."  *Sharma I*, ECF No. 51 at 1.

Sharma was sentenced on March 9, 2022.  *Sharma I*, ECF No. 98.  Sharma spoke at his sentencing hearing, and although he admitted his guilt, he criticized the prosecution and offered a lengthy and spirited defense of his actions.  *See Sharma I*, ECF No. 106 at 6:14–27:21.  He claimed that "every single document that has been filed," including by the Assistant United States Attorney, was "nothing but slander."  *Id.* at 7:18–20.  Sharma also suggested that Crosscode was stolen from him by "international criminals" masquerading as an investment bank and that the prosecution had relied on these criminals to build a case against him.  *Id.* at 13:16–14:6, 16:2–17:12.

> After Sharma offered his statement, the Assistant United States Attorney responded:
>
> While, indeed, he has acknowledged the crime in the technical sense, Your Honor, there still remains abundantly clear a lot of finger pointing that is going on for Mr. Sharma, and everyone else is at fault.
>
> He points the finger at the prosecution.  He points the finger, Your Honor, at other individuals in the courtroom, calling them, as I understood it, terrorists

---

[2]    "Gov't Ex." refers to the exhibits submitted by the United States before Magistrate Judge Schultz.

and criminals, if I understood the language correctly. . . . I'll leave to Your Honor's understanding of the parties in this courtroom who's a terrorist and who's a criminal. Language like that is absurd. Language like that from Mr. Sharma is absurd. It is offensive. It is beyond the pale. There is one person in this room that stands before Your Honor as a convicted fraudster, one person. Obviously, it's Mr. Sharma.

*Id.* at 31:5–23. United States District Judge David S. Doty sentenced Sharma to 60 months in prison. *Sharma I*, ECF No. 99.

On December 20, 2023, the operative indictment in this case was filed, which charges Sharma with four counts of wire fraud and two counts of bank fraud. ECF No. 1 ¶¶ 20–25. The United States alleges that Sharma manipulated and falsely inflated Crosscode's financial records to induce investors and financial institutions to extend capital to Crosscode. *Id.* ¶¶ 10–19. According to the United States, Sharma's fraudulent scheme at Crosscode took place from 2018 to 2019. *Id.* ¶¶ 21, 25.

Sharma moves to dismiss the indictment on two grounds: vindictive prosecution and pre-indictment delay. ECF No. 25. As for vindictive prosecution, Sharma contends that the United States indicted him in this case in retaliation for criticizing the prosecution during his March 2022 sentencing hearing in *Sharma I*. *Id.* at 9–10. As for pre-indictment delay, Sharma admitted that he was "not yet in a position to definitively state whether he has or has not suffered prejudice to his ability to present a defense stemming from the Government's preindictment delay in this case." *Id.* at 12. Even so, Sharma argues that he is at a "tactical disadvantage" due to the delay because his sentencing exposure in this case is now "massively increased" because of his conviction in *Sharma I*. *Id.* at 13.

4

In an R&R issued on June 1, 2026, Magistrate Judge Schultz recommended denying the motion to dismiss. ECF No. 113. As for the vindictive prosecution claim, Magistrate Judge Schultz found "no facts in the record meaningfully demonstrate a causal link between Sharma's sentencing-hearing statements and the Government's decision to charge him with the Crosscode fraud." *Id.* at 6. Magistrate Judge Schultz also rejected Sharma's pre-indictment delay claim, noting that Sharma himself conceded that he was unaware of any potential prejudice from the delay. *Id.* at 7.

Sharma's attorneys timely submitted objections to the R&R's conclusions. ECF No. 117. Sharma also filed pro se objections to the R&R's recommended disposition of the vindictive prosecution claim. ECF No. 119.

## ANALYSIS

### I.      Vindictive Prosecution

Vindictive prosecution is a violation of due process, and it occurs when a prosecutor "seeks to punish a defendant solely for exercising a valid legal right." *United States v. Williams*, 793 F.3d 957, 963 (8th Cir. 2015) (citation omitted). It is the defendant's "heavy" burden to demonstrate that the "prosecution was brought in order to punish [him] for the exercise of a legal right." *United States v. Leathers*, 354 F.3d 955, 961 (8th Cir. 2004). A defendant can establish prosecutorial vindictiveness through two methods: first, with "objective evidence of the prosecutor's vindictive or improper motive in increasing the number or severity of charges"; or second, in "rare instances," with "a presumption of vindictiveness, if he provides sufficient evidence to show a reasonable likelihood of vindictiveness exists." *United States v. Chappell*, 779 F.3d 872, 879 (8th Cir. 2015)

5

(citation modified). Absent "clear evidence to the contrary," courts presume that prosecutors "have properly discharged their official duties." *Id.* (citation omitted).

Sharma argues that a presumption of vindictiveness exists because the decision to indict him in this case was made after his statements at sentencing in *Sharma I*. ECF No. 117 at 2. But the timing of the indictment "alone is insufficient to trigger the presumption of vindictiveness," instead "the context must also present a reasonable likelihood of vindictiveness." *Williams*, 793 F.3d at 963 (citation omitted). Here, Sharma himself recognizes that the United States knew of potential fraud at Crosscode before Sharma's March 2022 sentencing. ECF No. 25 at 5–6. During plea negotiations in *Sharma I*, the United States even offered to resolve any of Sharma's potential fraudulent conduct at Crosscode in a global resolution, which Sharma declined. ECF No. 28 at 2–3; *see* Gov't Ex. 2. The indictment in this case, then, did not come out of thin air only after Sharma's statements at his sentencing in March 2022, which negates Sharma's unsupported hunch that this case was brought to retaliate against him for his statements at the sentencing hearing.

Sharma argues, though, that it is suspicious that the United States did not charge him with the alleged fraud at Crosscode during *Sharma I*, even though it had evidence of that fraud in 2020. ECF No. 25 at 5–7; ECF No. 117 at 2. But the United States explains that after Sharma declined to plead guilty to the alleged fraud at Crosscode in 2021, it continued a "broader investigation into the investment fraud," which included "further investigatory steps, including multiple search warrants, interviews, and grand jury subpoenas, which took many months to complete." ECF No. 28 at 9. It is within a

6

prosecutor's "traditional and proper discretion" to decide "which of multiple possible charges against a defendant are to be prosecuted or whether they are all to be prosecuted at the same time." *Chappell*, 779 F.3d at 879 (citation omitted). There is no evidence in the record suggesting that the indictment in this case was sought after *Sharma I* for any reason other than the United States' desire to continue investigating Sharma's alleged fraud at Crosscode. Sharma's speculation to the contrary falls far short of the "clear evidence" necessary to overcome the presumption that the United States properly discharged its duties. *Chappell*, 779 F.3d at 879; *see United States v. Punelli*, 892 F.2d 1364, 1371 (8th Cir. 1990) (citation omitted) (explaining that a presumption of vindictiveness does not arise "[i]f any objective event or combination of events in [the] proceedings" reasonably indicate that the adverse action against the defendant was not due to a vindictive desire).

In his pro se objections, Sharma alleges that he is being prosecuted because he is a "whistleblower" against criminal conduct at Crosscode, and that the Assistant United States Attorney who prosecuted him in *Sharma I* and sought the indictment in this case is involved in a "global criminal syndicate" with the alleged wrongdoers at Crosscode. ECF No. 119. Sharma provides no evidence for these sweeping claims, which does not meet his "heavy" burden to prove prosecutorial vindictiveness.[3] *Leathers*, 354 F.3d at 961.

---

[3]    After the deadline for Sharma to submit objections to the R&R elapsed, Sharma sought leave to file additional documents that purportedly supported his claims of criminal wrongdoing at Crosscode. ECF No. 120. The Court denied that request as untimely. ECF No. 121; *see Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives.").

The Court adopts the R&R's recommendation to deny Sharma's motion to dismiss on the basis of prosecutorial vindictiveness.

## II.    Pre-Indictment Delay

Sharma next contends that the indictment should be dismissed because of unreasonable pre-indictment delay.  ECF No. 25 at 10–13.  While "statutes of limitations provide the primary guarantee against delay prior to indictment or arrest," an "oppressive delay" in bringing criminal charges may violate the due process protections of the Fifth Amendment.  *United States v. Jackson*, 446 F.3d 847, 849 (8th Cir. 2006).  A defendant who challenges a pre-indictment delay "must overcome a high hurdle" and satisfy two elements: (1) the delay resulted in "actual and substantial prejudice to the presentation of his defense"; and (2) the government "intentionally delayed his indictment either to gain a tactical advantage or to harass him."  *Id.* at 849.

In his motion to dismiss, Sharma conceded that he was "not yet in a position to definitively state whether he has or has not suffered prejudice to his ability to present a defense" resulting from any pre-indictment delay.  ECF No. 25 at 12.  As the R&R correctly concluded, *see* ECF No. 113 at 7, that concession is fatal to Sharma's pre-indictment delay challenge, *see United States v. Bartlett*, 794 F.2d 1285, 1293 (8th Cir. 1986).  In his objections, Sharma states that he is prejudiced because the United States' choice to bring this case after *Sharma I* "fundamentally alters [Sharma's] strategic position."  ECF No. 117 at 3.  In essence, Sharma argues that because he has already been convicted of a federal crime in *Sharma I*, his sentencing exposure in this case will be heightened, which leads Sharma to face a "tactical disadvantage."  *Id.*  But that's not what "prejudice" means for

purposes of a challenge to pre-indictment delay. Rather, the Eighth Circuit has "consistently limited the prejudice inquiry to the effects of the delay on the defendant's ability to present an effective defense." *Jackson*, 446 F.3d at 852. Sharma does not contend that his ability to present an effective defense is now hampered by, for example, "specific witnesses or documents lost during the delay." *Id.* at 851. Without such a showing, Sharma's challenge to any period of pre-indictment delay cannot succeed. The Court therefore adopts the R&R's recommendation to deny Sharma's motion to dismiss on the basis of pre-indictment delay.

### CONCLUSION

For these reasons, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Sharma's Objections (ECF Nos. 117, 119) are **OVERRULED**;

2. The Report and Recommendation (ECF No. 113) is **ADOPTED**;

3. Sharma's Motion To Dismiss for Vindictive Prosecution and Pre-Indictment Delay (ECF No. 25) is **DENIED**; and

4. Sharma's Motion To Dismiss Count 1 (ECF No. 24) is **DENIED as moot**.

Dated: July 30, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge